## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

SAMANTHA MAREZ and
VERONICA AYALA, Individually
and on behalf of all others similarly
situated,

                CIVIL ACTION FILE
  **Plaintiffs,**          NO. 5:14-cv-00585-OLG-HJB

v.

KHG OF SAN ANTONIO, LLC, D/B/A
TIFFANY'S CABARET, TIM EIDSON,
RICK PEFFER, ROBERT O'HAYON,
PHILLIP G. PHIFER, MIKE FULTON,
RUSSELL INGRAM, R. NECK
ENTERPRISES, INC., and E&I
ENTERPRISE, INC.

  **Defendants.**

### OBJECTIONS OF DEFENDANTS KHG OF SAN ANTONIO, LLC, TIM EIDSON AND R.NECK ENTERPRISES, INC. TO U.S. MAGISTRATE'S REPORT AND RECOMMENDATION [DOC. 79]

COME NOW Defendants KHG OF SAN ANTONIO, LLC ("KHG"), TIM EIDSON and

R.NECK ENTERPRISES, INC., and, pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1),

and hereby timely file these Objections to the Report and Recommendation entered by U.S.

Magistrate Judge Henry J. Bemporad on November 26, 2014.

### PROCEDURAL HISTORY

Plaintiffs filed this civil action on July 1, 2014, asserting claims against Defendants for

various alleged violations of the Fair Labor Standards Act ("FLSA"). [Doc. 1].  Several of the

Plaintiffs/claimants participating in this civil action signed arbitration agreements with

Defendant KHG of San Antonio, LLC ("KHG") in March, 2014, before this civil action was

filed (the "Arbitration Agreements."). [Docs. 26-1 & 26-2].  On September 2, 2014, KHG timely

moved to dismiss the claims of those individuals who signed Arbitration Agreements and to compel arbitration of same.  [Docs. 25 & 26].  On September 10, 2014, Plaintiffs responded to Defendants' Motion to dismiss, and, in the same pleading, moved the Court for injunctive relief to enjoin the enforcement of the arbitration agreements signed by plaintiffs. [Doc. 33].[1]

On October 15, 2014, Plaintiffs filed a Motion seeking conditional collective action certification pursuant to 29 U.S.C. §216(b).[2] [Doc. 66].  On November 26, 2014, the U.S. Magistrate entered a Report and Recommendation ("R&R") which recommended that Plaintiffs' Motion be granted and that notice be issued to putative class members.  [Doc. 79].

## OBJECTIONS

While the threshold for meeting one's burden for conditional certification is not heavy, it is not non-existent.  Unsupported assertions of widespread FLSA violations are insufficient to meet Plaintiffs' burden.  *Hall v. Burk*, No, 3:01CV2487H, 2002 WL 413901, at *3 (N.D. Tex. Mar. 11, 2002) citing *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir.1983).  Before a court should permit a claim to proceed as a collective action under Section 216(b), the Court must first determine whether plaintiffs are, in fact, "similarly situated," a determination generally made in this Circuit by using the two-stage analysis described in *Lusardi v. Xerox Corp.,* 118 F.R.D. 351, 359 (D.N.J.1987); *See, e.g., Pedigo v. 3003 South Lamar, LLP,* 666 F.Supp.2d 693, 696–97 (W.D.Tex.2009). To satisfy this standard, Plaintiffs must show "substantial allegations

---

[1]     Neither Defendants' Motions to Dismiss and Compel Arbitration, nor Plaintiffs' Motion for injunctive relief (to enjoin arbitrations) have yet been ruled upon, since the Court's referral to the U.S. Magistrate Judge expressly excluded motions for preliminary injunctive relief.  [Doc. 42].

[2]     Plaintiffs herein (along with many of the "opt-in" plaintiffs herein), previously attempted to assert their FLSA claims in May 2014 in *Alexis Alex and Nicolette Prieto v. KHG of San Antonio, LLC d/b/a Tiffany's Cabaret*, Case No. SA-13-CA-00728-OLG ("*Tiffany's I*"), but the Court denied Plaintiffs late-filed motion for leave to amend the Complaint in *Tiffany's I* [Alex Doc. 72, Order Adopting Report and Recommendation, June 30, 2014], and Plaintiffs in *Tiffany's I* never moved the Court for conditional certification, instead opting to file this civil action, naming every possible defendant they could identify, regardless of their relationship to Tiffany's Cabaret.

that the putative class members were together the victims of a ***single decision, policy, or plan*** infected by discrimination." *Mooney*, 54 F.3d at 1214 n. 8 (quoting *Sperling v. Hoffmann–La Roche, Inc.,* 118 F.R.D. 392, 407 (D.N.J.1988) (emphasis added)). The class representatives "must be similarly situated in terms of job requirements and similarly situated in terms of payment provisions." *Ryan v. *644 Staff Care, Inc.,* 497 F.Supp.2d 820, 824–25 (N.D.Tex.2007). The court must decide whether to conditionally certify "based only on the pleadings and any affidavits which have been submitted." *England v. New Century Fin. Corp.,* 370 F.Supp.2d 504, 508 (M.D.La.2005).

Defendants' first objection to the R&R, is that prior to evaluating the sufficiency of Plaintiffs' evidence on whether Plaintiffs are "similarly situated" to the remaining putative class members, the R&R failed to carefully consider and rule upon the deficiencies contained in the Declarations signed by Samantha Marez [Doc. 66-1] and "opt-in" Plaintiff Dolores Delafuente [Doc. 66-2] (the "Declarations"), filed in support of Plaintiffs' Motion for Conditional Certification.   These identical Declarations are defective in that they are replete with (a) improper conclusory statements, and (b) contain information which is beyond the scope of the declarants' personal knowledge.   It is these improper statements contained in the Declarations which the R&R failed to analyze (and ultimately disregard), before deciding whether or not to recommend that this civil action proceed as a collective action.   Some district courts in Texas have held that five (5) identical declarations (like the ones submitted by Ms. Marez and Ms. Delafuente) insufficient to satisfy the plaintiffs' burden to warrant conditional certification and notice to potential class members.  *Songer v. Dillon Resources, Inc.*, 569 F.Supp.2d 703, 707-08 (N.D.Tex.2008).

Paragraphs 4, 7, 8, 10 and 11 of the (identical) Declarations contain improper conclusory statements, most, if not all of which, are beyond the Declarants' personal knowledge and therefore should not have been considered.  For instance, the Declarants cannot possibly be heard about what Tiffany's does or does not "understand[]" regarding "table dance fees." (Declarations, ¶4).  Likewise, the Declarants fail to state how they have any personal knowledge about Defendant "encourage[ing] its customers to pay with house certificates," nor could they know how the use of such "house certificates" results in all dancers "receiving a substantially smaller portion of the customers' tips."  (Declarations, ¶7).  The Declarations also improperly contain statements that Tiffany's "retains a substantial portion of the tips that were intended solely for [them]" since, by definition, such a statement requires Declarants to read the minds of the Club's customers with respect to how much they intended to tip any given dancer.

The Declarants' statements about the "retained portion [of their monies] grossly exceed[ing] the merchant fee paid by the club to the credit card companies" is pure speculation, and they have provided no evidentiary basis for such a statement.  (Declarations, ¶7). Declarants' conclusion that their "tips turn into a separate, illegal profit center for Tiffany's Cabaret" (Declarations, ¶7) is purely gratuitous and conclusory, and is not a statement of fact properly contained in a declaration.  Moreover, the Declarants' statements about what was said by Tiffany's managers to each and every dancer about this civil action (or about *Tiffany's I*) simply cannot be within the scope of the personal knowledge of the Declarants.  (Declarations, ¶10).  Finally, the Court should not consider what Declarants conclude or generalize about unnamed "other dancers" who allegedly "would like to join this lawsuit, but [who] are afraid to lose their job at Tiffany's Cabaret if they do so."  (Declarations, ¶11).  These sorts of conclusory statements are also improperly included in the Declarations, particularly since they identify no

other dancer by name who performed at Tiffany's Cabaret, and because no dancer has been terminated by Tiffany's Cabaret for participating in this civil action.

After these improper statements are stricken from the Declarations (or otherwise not considered), Plaintiffs are left with only threadbare support for their Motion for conditional certification. In fact, the Declarations evidence that Plaintiffs are ***not similarly situated*** to other dancers at Tiffany's Cabaret in terms of their compensation scheme. Plaintiffs' Complaint alleges that "Defendants violated the FLSA by failing to compensate [] Plaintiffs whatsoever for any hours worked including overtime hours worked." [Doc. 1, Par. 3]. Paragraph 4 of the Declarations substantiate this allegation in the Complaint. [Declarations, ¶4]("Tiffany's does not pay me whatsoever for working at its club."). However, deposition testimony taken from other Tiffany's Cabaret dancers is markedly different from that of Ms. Marez and Ms. Delafuente. Specifically, other Tiffany's Cabaret dancers (from *Tiffany's I*) testified under oath that, in addition to receiving tips from customers, they ***receive semi-monthly paychecks*** from Defendant KHG of San Antonio, LLC for performing at the club, which are, in turn, reflected on annual IRS Form W-2s issued by KHG. [Doc. 71-1, Deposition of Alexis Alex, 87:19-24, 136:14-137:24, 140:6-11; Doc. 71-2, Deposition of Nicolette Prieto, 19:16-22, 64, 73:24, 77:19]. This testimony was corroborated by KHG's accountant, John Anderson. [Doc. 71-3, Anderson Dep. 30:14, 40, 42, 48-49, 54, 56-57]. Therefore, when Ms. Marez and Ms. Delfuente aver, under oath, that "Tiffany's Cabaret" does not pay [them] whatsoever for working at its club," they are, in effect, testifying that their compensation scheme is ***considerably different from***, not similar to, others who dance at Tiffany's Cabaret, and Plaintiffs are, therefore, not "similarly-situated" to those dancers who performed at Tiffany's Cabaret who received a regular, semi-monthly pay check (and an annual IRS Form W-2) from Tiffany's Cabaret. So, while Plaintiffs claim to be

"similarly situated" to the putative class members because they "were subject to a common pay practice of being paid nothing except for table dances earned as tips" [Doc. 66 at 2], in fact, they have testified to a compensation scheme different from at least two other Tiffany's Cabaret dancers who are, coincidentally, represented by the same counsel.

A court may deny conditional certification and notice "if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy or practice." *Tolentino v. C & J Spec-Rent Services Inc.*, 716 F.Supp. 2d 642, 647 (S.D.Tex.2010).  Here, it appears the Plaintiffs (including Ms. Delefuente) contend that not only were they not paid the minimum wage, but that Tiffany's Cabaret paid them nothing – an alleged compensation scheme substantially different than the compensation scheme testified to by two other dancers in *Tiffany's I.*   As a result, it appears that the "compensation system" at Tiffany's is different for the Plaintiffs herein (including Ms. Delefuente) and the remaining dancers at the Club such that the Court should overrule the R&R and exercise its discretion to refuse to conditionally certify this civil action as a collective action.  Plaintiffs will not be prejudiced by such a result; rather, they would simply pursue their claims in a single action, while the putative "class members" and opt-in plaintiffs could pursue their claims separately.

This 10th day of December, 2014.

Respectfully submitted,
*/s/ Dean R. Fuchs*
DEAN R. FUCHS
Georgia Bar No. 279170

SCHULTEN, WARD & TURNER, LLP
260 Peachtree Street, NW, Suite 2700
Atlanta, Georgia  30303
(404) 688-6800
(404) 688-6840 facsimile

Attorneys for Defendant KHG of San Antonio, LLC, Tim Eidson, R. Neck Enterprises, Inc. and E&I Enterprise, Inc.

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I certify that on the 10th day of December, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ricardo J. Prieto
rprieto@eeoc.net
Martin Shellist
mshellist@eeoc.net


Shellist/Lazarz/Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Phone: (713) 621-2277
Fax: (713) 621-0993

**ATTORNEYS FOR PLAINTIFFS**

John A. Christy
jchristy@swfllp.com
Andrew J. Lavoie
alavoie@swfllp.com

Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street, N.W., Suite 800
Atlanta, Georgia 30309-4516
Phone: (404) 681-3450
Fax: (404) 681-1046

and
Michael L. Holland
mholland@hollandfirm.com

Holland & Holland
1250 NE Loop 410 – Suite 808
San Antonio, Texas 78209
Phone: (210) 824-8282

**ATTORNEYS FOR DEFENDANTS
ROBERT OHAYON, MIKE FULTON,
PHILLIP G. PHIPHER, RICK PEFFER AND
M.R.G. ENTERPRISES, INC.**

*/s/ Dean R. Fuchs*
DEAN R. FUCHS